[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17156

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00030-CR-3-RDP-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN HORACE RICHEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 23, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER,* District
Judge.

_____
        *Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation..

PER CURIAM:

Benjamin Richey appeals his conviction for knowingly making a materially false statements to federal agents in the course of an investigation, in violation of 18 U.S.C. § 1001. The indictment against Richey alleged that, on or about November 6, 2003, Richey falsely represented to Federal Bureau of Investigation ("FBI") agents that his client Eric Humphries's payment of $6,500.00 to the Franklin County District Attorney's Fund was not related to the favorable settlement of Humphries's criminal case. He argues that the indictment against him should have been quashed because the FBI lacked jurisdiction over the matter of his false statements and judicial estoppel[1] barred federal prosecution of him for his offense conduct. Therefore, he contends that the district court erroneously denied his motion to quash and motion for new trial.

I.

Whether a defendant's criminal conduct was prosecutable under 18 U.S.C. § 1001 is a question of law subject to de novo review. United States v. Lawson, 809 F.2d 1514, 1517 (11th Cir. 1987). With respect to reviewing denial of a motion for new trial, we review the denial for abuse of discretion. United States

---

[1] During the district court proceedings, Richey did not specifically identify his argument as being based on the principles of judicial estoppel. However, he explicitly identifies judicial estoppel as the basis for his argument on appeal. Accordingly, we analyzed his appeal on this basis without consideration of arguments related to entrapment by estoppel or equitable estoppel.

v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).

Section 1001 of Title 18 of the United States Code punishes any person who knowingly and willfully:

> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

18 U.S.C. § 1001(a). We have recognized that the purpose of § 1001 is to prevent misrepresentations to the federal government and protect the integrity of official inquiries. United States v. London, 714 F.2d 1558, 1561-62 (11th Cir. 1983). We have held that violation of § 1001 requires the proof of five elements: (1) a statement; (2) falsity; (3) materiality; (4) specific intent; and (5) agency jurisdiction. Lawson, 809 F.2d at 1517.

The Supreme Court has emphasized that "the term 'jurisdiction' should not be given a narrow or technical meaning for purposes of § 1001." Bryson v. United States, 396 U.S. 64, 70, 90 S. Ct. 355, 359, 24 L.Ed.2d 264 (1969). The Court concluded that "[a] statutory basis for an agency's request for information provides jurisdiction enough to punish fraudulent statements under § 1001." Id. at 71, 90 S. Ct. at 359. More recently, in United States v. Rodgers, 466 U.S. 475, 479, 104 S. Ct. 1942, 1946, 80 L.Ed.2d 492 (1984), the Court explained that agency

3

jurisdiction "covers all matters confided to the authority of [a federal] agency or department . . . .  A department or agency has jurisdiction, in this sense, when it has power to exercise authority in a particular situation."

We have held that a false statement is material if it "has a natural tendency to influence or be capable of influencing the government agency or department in question."  Lawson, 809 F.2d at 1520.  We have noted that proof of actual influence is not required.  Id.

The record here demonstrates that the FBI was legitimately investigating potential violations of the Hobbs Act, 18 U.S.C. § 1951, committed by a local district attorney based on his alleged extortion of money from criminal defendants with regard to plea agreement negotiations, pursuant to its statutory authority, when it interviewed Richey.  Thus, the FBI had a statutory basis upon which to inquire information from Richey, establishing § 1001's jurisdictional element.  Further, the record demonstrates that Richey made one or more false statements to the FBI during its investigation.  Although his false statements apparently did not impede the FBI's investigation, they could have affected the FBI's decision to continue investigation or prosecution of the matter.  Therefore, the false statements were material.  Accordingly, Richey's conduct was prosecutable under § 1001, and the district court properly denied Richey's motions to quash the indictment and for

4

a new trial on this basis.

## II.

We review a district court's application of judicial estoppel for abuse of discretion. Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir. 2002).

"Judicial estoppel bars a party from asserting a position in a legal proceeding that is inconsistent with its position in a previous, related proceeding." United States v. Campa, 459 F.3d 1121, 1152 (11th Cir. 2006). In determining whether to apply the doctrine, the district court should consider: (1) whether the allegedly inconsistent position was made under oath in a prior proceeding; and (2) whether the inconsistency was calculated to make a mockery of the judicial system. Id. (quotations omitted).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that Alabama's acceptance of Richey's client's plea agreement, based on allegedly improper negotiations, did not judicially estop the federal government from prosecuting Richey for the false statements he made to the federal government regarding the plea negotiations. Accordingly, we affirm Richey's conviction.

**AFFIRMED**.

5